UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARA VARGAS,

             Plaintiff,                  No. 14-10493

v.                                District Judge David M. Lawson
                                Magistrate Judge R. Steven Whalen

CITY OF NOVI, MACY'S, KELLY
SERVICES, INFO TREE SERVICES,
UNITED STATES ATTORNEY, LEE
GAVIN, ATTORNEY GENERAL OF
THE STATE OF MICHIGAN, NISSAN
MOTOR COMPANY, INC., and UNITED
STATES DEPARTMENT OF JUSTICE,

             Defendant.

_____/

## REPORT AND RECOMMENDATION

On or about December 18, 2013, Plaintiff Clara Vargas filed a *pro se* civil complaint in the United States District Court for the Western District of Texas. Finding that proper venue was in the Eastern District of Michigan, the Texas Court transferred the case to this District, which received the file on February 3, 2014. Before the Court is Defendant City of Novi's Motion to Dismiss and for Summary Judgment [Doc. #99], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED and that the City of Novi be DISMISSED WITH PREJUDICE.

### I.    FACTS

This case arises out of two encounters between Ms. Vargas and police officers from the City of Novi. The first occurred on June 29, 2013, when Ms. Vargas shoplifted

shoes from a Macy's Department Store in Novi.[1] Macy's personnel contacted the Novi Police Department, and the two officers who were dispatched arrested Ms. Vargas for retail fraud. She was taken to the Novi Police Department, booked, and released a few hours later, pending issuance of a warrant. A misdemeanor warrant was issued on July 24, 2013. *Defendant's Exhibit 5*.

The second encounter occurred on July 26, 2013, at approximately 11:30 p.m. Ms. Vargas' former boyfriend, Tim Robertson, called the Novi Police Department to report a hit-and-run automobile accident. Police Officer Rachel Meier was dispatched, and Robertson told her that Ms. Vargas had been knocking on his door for some time, but that he refused to answer. He said that when Ms. Vargas left, she side-swiped a neighbor's car and then left the area. *Defendant's Exhibit 7 (Police Report)*. While on the scene, Officer Meier saw Ms. Vargas drive toward them, but then make a u-turn. Following the car, Officer Meier saw Ms. Vargas get out of her car and start walking back toward the original incident. The Officer made contact with Ms. Vargas, who stated that she was not aware that she had struck another car. Officer Meier was informed by the dispatcher that Ms. Vargas had an outstanding warrant for retail fraud, with a $300 bond. She arrested Ms. Vargas for the warrant and for failure to stop and identify at a property damage accident. *Id*.

Unable to post bond, Ms. Vargas was taken before a magistrate at 12:24 p.m. the next day, July 27, 2013. She was given-and posted-a $150 cash bond, with a bond continuation of $300 for the retail fraud charge, and told to appear at the Novi District Court on July 29, 2013. *Id*.

---

[1] Exhibit 3 of Defendant's Brief is a DVD (filed in traditional manner) of the Macy's security camera recording of Ms. Vargas stealing the shoes. The written police report of the incident is also attached as Defendant's Exhibit 3.

On September 9, 2013, Ms. Vargas appeared in the Novi District Court and pled no contest to the charges of third-degree retail fraud and deactivation of a theft detection device. *Defendant's Exhibit 6*, Register of Actions in 52-1 District Court Case No. 13-003600. On the same day, she pled guilty to the charge of failing to stop/identify after a property damage accident. *Defendant's Exhibit 8*, Register of Actions in 52-1 District Court Case No. 13-003640.

On September 20, 2013, Ms. Vargas filed a *pro se* civil complaint against the City of Novi in 52-1 District Court Case No. 13-C07233-GC, based on her encounters with the Novi Police Department.[2] *Defendant's Exhibit 1*. In somewhat rambling fashion, she raised claims of lack of probable cause to arrest (presumably a Fourth Amendment claim); unlawful search (Fourth Amendment); false arrest/false imprisonment; Fifth Amendment/violation of *Miranda*[3]; Sixth Amendment right to counsel; Due Process/improper identification procedure; Libel and Slander; and conspiracy.

On February 18, 2014, Judge Brian W. MacKenzie granted Defendant's motion to

---

[2] The great majority of facts in her state court complaint involve her arrest and conviction for leaving the scene of an accident. However, the first page of her complaint states, "This claim describe[s] action and event during arrest on case 13-003600 and subsequent case on failure to report accident for which I don't have case number...." Case No. 13-003600 was the retail fraud case.

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966). Ms. Vargas' signed acknowledgment that she was advised of and understood her *Miranda* rights is contained at Defendant's Exhibit 4. In any event, the Supreme Court has held that the failure to give *Miranda* warnings does not result in a Fifth Amendment violation that would support a §1983 action where the person does not make an incriminating statement, or where such statement is not used in a criminal trial. *Chavez v. Martinez*, 538 U.S. 760, 123 (2003). Even before *Chavez*, this was the law in the Sixth Circuit. *Lingler v. Fechko*, 312 F.3d 237, 239 (6th Cir. 2002) ("By its terms, the Fifth Amendment does not prohibit the act of compelling a self-incriminating statement other than for use in a criminal case"). *See also Deshawn E. v. Safir*, 156 F.3d 340, 346-47 (2d Cir. 1998)("Even if it can be shown that a statement was obtained by coercion, there can be no Fifth Amendment violation until that statement is introduced against the defendant in a criminal proceeding").

-3-

compel discovery, ordering Ms. Vargas to provide full and complete answer's to the Defendant's discovery requests, and to appear for a video deposition. The judge advised her that her failure to comply with the terms of the order would result in dismissal of her case. *Defendant's Exhibit 10*.  Defendant subsequently filed a motion to dismiss based on Ms. Vargas' failure to comply with the discovery order. On March 31, 2014, Judge MacKenzie dismissed Plaintiff's entire complaint with prejudice. *Defendant's Exhibit 2*.

Ms. Vargas' complaint in the present case is largely a repetition of the claims she made in her dismissed Novi District Court case. In a similarly disjointed fashion, she brings claims of illegal warrantless search without probable cause; illegal interrogation/*Miranda* violation[4]; unlawful identification procedure; violation of right to counsel; libel and slander; false arrest and imprisonment; conspiracy; and "personal injury," which she describes in the following general terms:

> "Scaring (sic) and healing to be assessed by physician; Assessment to be a total with further incarceration on which required treatment was not provided. Assessment includes injury for a total of 21 days in jail and two years of treatments already prescribed.  Scaring (sic) healing will be assessed in degree of persistence and easy of healing as well as persistence of pain."

On July 21, 2014, I ordered Ms. Vargas to file a response to the Defendant's motion by August 4, 2014 [Doc. #101]. Even though Ms. Vargas is registered as an e-filer, and thus received electronic notice of this order, a copy was also mailed to her. To date, Ms. Vargas has not responded to this motion.

---

[4] Ms. Vargas characterizes the interrogation issue as a Third Amendment violation. Because *pro se* pleadings are liberally ensued, I will assume that no soldiers were quartered in her home, and that she is really claiming a Fifth Amendment violation.

-4-

## II.   STANDARD OF REVIEW

### A.   Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

The United States Supreme Court has modified the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court,  construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 550 U.S. at 555-56 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on

-5-

what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  556 U.S. at 678, citing *Twombley*, 550 U.S. at 555.  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### B.    Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celetox Corp. v. Catrett*,

477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate.  *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).  The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff."  *Anderson*, 477 U.S. at 252 (emphasis added).  If the non-moving party cannot meet that burden, summary judgment is clearly proper.  *Celotex Corp.*, 477 U.S. at 322-23.

### III.   DISCUSSION

There are many reasons to dismiss Ms. Vargas' complaint. However, apart from the substantive questions of the plausibility of her claims and her failure to provide any evidence–or indeed, any response at all–to rebut the Defendant's showing that there is no genuine issue of material fact on which a reasonable trier of fact could find in favor of Ms. Vargas, there are two procedural bases that are dispositive of this case. First, her claims are barred by the doctrine of *res judicata*. Secondly, they are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

### A.   Res Judicata

In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005),

-7-

the Supreme Court noted that the "Full Faith and Credit Act...requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give.'" (Quoting *Parson Steel Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986)). Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Bd of County Road Comm'r*, 226 Mich. App. 389, 396, 573 N.W.2d 336 (1997).

Application of the doctrine of res judicata in Michigan requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997) (1997). "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993), *mod'f on other grounds*, *Patterson v. Kleiman*, 447 Mich. 429, 433 n.3 (1994).

This case falls squarely within the Michigan test for *res judicata*. First, under Michigan law, an involuntary dismissal with prejudice for failure to comply with a discovery order is an adjudication on the merits. M.C.R. 2.504(b)(3) states:

> "Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits."

*See also Washington v. Sinai Hosp. of Greater Detroit*, 478 Mich. 412, 414, 733 N.W.2d

-8-

755 (2007).

Secondly, the very issues raised in this case were raised in the Novi state court case. And to the extent that Ms. Vargas' convoluted complaint could be read to assert some claim that she neglected to raise in Novi, both complaints arise out of the same essential facts and the same transaction, so any such claims could have been raised. *Limbach, supra*. As such, the claims would be identical for *res judicata* purposes. *Huggett, supra*.

Finally, both actions were brought by Ms. Vargas against the City of Novi.

Therefore, the complaint against the City of Novi should be dismissed.

## B.   Heck v. Humprey

In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Supreme Court held that to recover civil damages based on an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87.   Where success in the civil suit "would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."  *Muhammad v. Close*, 540 U.S. 749, 750; 124 S.Ct. 1303, 1304 (2004).

Ms. Vargas' allegations center on her arrest and prosecution for retail fraud and for failing to report a property damage accident, both criminal offenses under Michigan law. The gravamen of her complaint is lack of probable cause. She pled guilty to the property

damage charge and no contest to the retail fraud charge.[5] Those convictions have not been favorably terminated.[6] To find that there was no probable cause for her arrest, and hence no probable cause for a search, would call into question the validity of her convictions. Under *Heck*, therefore, her complaint must be dismissed.[7]

## IV.   CONCLUSION

I recommend that Defendant City of Novi's Motion to Dismiss and for Summary Judgment [Doc. #99] be GRANTED, and that the City of Novi be DISMISSED WITH PREJUDICE.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

---

[5] *Heck* applies with equal force to convictions based on pleas of no contest. *Shelton v. City of Taylor*, 92 Fed. App'x 178, *4 (6th Cir. 2004), citing *Walker v. Schaeffer*, 854 F.2d 138 (6th cir. 1988).

[6] In fact, it appears that a bench warrant may be outstanding for Ms. Vargas' failure to pay the $1,242.00 owing on her fines and costs. *See Defendant's Exhibit 9*.

[7] Ms. Vargas has also asserted claims of conspiracy and "personal injury." Apart from *Heck*, and to the extent that these claims even make sense, they are purely conclusory, and do not come close to meeting the plausibility standard of *Iqbal*.

upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 15, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on January 15, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager