UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARA VARGAS,

    Plaintiff,                                 No. 14-10493

v.                                           District Judge David M. Lawson
                                           Magistrate Judge R. Steven Whalen

CITY OF NOVI, MACY'S, KELLY
SERVICES, INFO TREE SERVICES,
UNITED STATES ATTORNEY, LEE
GAVIN, ATTORNEY GENERAL OF
THE STATE OF MICHIGAN, NISSAN
MOTOR COMPANY, INC., and UNITED
STATES DEPARTMENT OF JUSTICE,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

On or about December 18, 2013, Plaintiff Clara Vargas filed a *pro se* civil complaint in the United States District Court for the Western District of Texas. Finding that proper venue was in the Eastern District of Michigan, the Texas Court transferred the case to this District, which received the file on February 3, 2014. Before the Court Plaintiff's Motion for Summary Judgment [Doc. #25], Amended Motion for Summary Judgment [Doc. #27], and yet a third motion for summary judgment [Doc. #85], which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). I recommend that the motions be DENIED.

**I.    FACTS**

This case arises out of two encounters between Ms. Vargas and police officers from the City of Novi. The first occurred on June 29, 2013, when Ms. Vargas was arrested for shoplifting two pairs of shoes from a Macy's Department Store in Novi. The

-1-

second encounter occurred on July 26, 2013, when Plaintiff was arrested for leaving the scene of a property damage automobile accident. The facts are set forth in more detail in my Report and Recommendation of January 15, 2015 [Doc. #104], in which I recommended that the City of Novi be dismissed.

As best as I can determine, Plaintiff argues that transcripts and court records from her criminal cases in the 52-1 District Court for the City of Novi support her motion for summary judgment. Otherwise, her motions are largely incomprehensible.[1]

On July 2, 2014, Defendant City of Novi filed its own motion to dismiss and/or for summary judgment [Doc. #99]. On January 15, 2015, I filed a Report and Recommendation, recommending that the City of Novi be dismissed with prejudice, based on *res judicata* and the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission

---

[1] For example, in the first page of Doc. #25, she states, "The other party has not evidence or so far has not presented evidence of proving that forgery will not be forgery or fraud will not be fraud so to exemplify." I'm not sure what this means, but I will construe it as a statement that the defense is factually unsupported.

to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. DISCUSSION

Plaintiff claims that evidence and court records in her state district court misdemeanor cases compel granting summary judgment in her favor. She has not submitted any such documents with her motion, although her complaint did contain some of these records. In any event, I reviewed the 52-1 District Court records, as well as City

of Novi Police reports that were submitted with the City's motion to dismiss, and a Macy's security video that shows the Plaintiff attempting to steal some shoes. Witness statements and evidence support a finding of probable cause to charge Plaintiff with both the retail fraud offense and leaving the scene of a property damage accident. Moreover, she pled guilty to the accident charge and no contest to the retail fraud charge. Thus, as I explained in my previous Report and Recommendation, her suit is barred under *Heck v. Humphrey*.

Insofar as I have recommended dismissal of Defendant City of Novi, it would be anomalous to grant summary judgment to the Plaintiff. Her motions, which amount to little more than her unsupported but no doubt sincerely held belief that she is entitled to a remedy in this Court, should be denied.

### IV.   CONCLUSION

For these reasons, I recommend that Plaintiff's motions for summary judgment [Doc. #25, #27, and #85] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: January 17, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 17, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla<br>
Case Manager