UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARA VARGAS,

    Plaintiff,                      No. 14-10493

v.                                    District Judge David M. Lawson
                                        Magistrate Judge R. Steven Whalen

CITY OF NOVI, MACY'S, KELLY
SERVICES, INFO TREE SERVICES,
UNITED STATES ATTORNEY, LEE
GAVIN, ATTORNEY GENERAL OF
THE STATE OF MICHIGAN, NISSAN
MOTOR COMPANY, INC., and UNITED
STATES DEPARTMENT OF JUSTICE,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

On or about December 18, 2013, Plaintiff Clara Vargas filed a *pro se* civil complaint in the United States District Court for the Western District of Texas. Finding that proper venue was in the Eastern District of Michigan, the Texas Court transferred the case to this District, which received the file on February 3, 2014. On February 3, 2015, the Court, adopting my Report and Recommendation, dismissed Defendant City of Novi [Doc. #110].

The following remaining Defendants have not been served: Macy's, Kelly Services, Info Tree Services, United States Attorney, Lee Gavin, Attorney General of the State of Michigan, Nissan Motor Company, Inc., and United States Department of Justice.[1] Because the 120-day period for service of the complaint had long since past, on

---

[1] As I noted in a previous order [Doc. #74], Plaintiff filed three purported "waivers of service" that were signed by her, not by the Defendants. Obviously, this is not proper

April 16, 2015, I ordered the Plaintiff to show cause why these Defendants should not be dismissed without prejudice for failure to timely serve under Fed.R.Civ.P. 4(m). Plaintiff responded to the show cause order on May 8, 2015 [Doc. #115].

For the reasons discussed below, I recommend that the Court *sua sponte* dismiss these Defendants without prejudice.

## I.   LEGAL PRINCIPLES

Fed.R.Civ.P. 4(m) requires that service of process be made within 120 days of filing the complaint:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Under this Rule, a court may exercise its discretion to extend the time for service without any showing of good cause. However, if the plaintiff does show good cause for failure to effect timely service, the court *must* extend the time. *In re Lopez*, 292 B.R. 570, 574 (E.D.Mich. 2003) ("In other words, even in the absence of good cause, the court *may* grant an extension of time for service, but if good cause is shown, the court *must* extend.").

In *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001), the Court identified five factors informing a court's exercise of discretion under Rule 4(m):

> "whether: (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any

---

service.

good faith efforts at effecting proper service of process." (Citing *Wise v. Department of Defense*, 196 F.R.D. 52, 57 (S.D.Ohio 1999)).

## II. DISCUSSION

In the April 16, 2015 show cause order, Plaintiff was given notice that these Defendants were not properly and timely served, and that they were subject to dismissal without prejudice. The order provided Plaintiff with the opportunity to demonstrate good cause for the failure to serve timely.

In her response to the show cause order [Doc. #115], Plaintiff claims that she has hired a Texas lawyer. However, no lawyer has filed an appearance on her behalf. In addition, Plaintiff states that she (or her lawyer) "would like to try cases on a more organized way by assigning a case number to each defendant or small group of defendants as follows: 1) City of Novi, United States Attorney, Attorney General of State of Michigan, 2) Macy's Inc., 3) Lee Gavin, 4) Infor Tree Services, Kelly Services, Nissan North America, Inc, 5) United States Department of Justice, United States Attorney."

This complaint was filed in Texas in December of 2013 and transferred to this Court in February of 2014. While Plaintiff states that she wants to sever the various Defendants and claims, she has not shown good cause for her failure to serve them. Therefore the Court is not required to extend the time for service under Rule 4(m).

Moreover, although the Court has the discretion to grant an extension of time for service even without a showing of good cause, the *Slenzka* factors weigh against doing so. As to the first factor, a significant amount of time–a year and a half– has passed since the complaint was filed. The second factor is neutral, in that the Defendant that was served–the City of Novi–has been dismissed. The third factor weighs against Plaintiff, since there is no showing that any of these Defendants had actual notice of this lawsuit.

As to the fourth factor, there would be no prejudice to the Plaintiff if these

Defendants were dismissed without prejudice. The shoplifting incident at Macy's occurred in 2013, and no statute of limitations has run. In any event, the claims against Macy's would be subject to dismissal for the reasons discussed in my Report and Recommendation to dismiss the City of Novi. The rest of the claims that Plaintiff raises in her 301-page amended complaint [Doc. #18] are difficult to understand. They are rambling and unfocused, and do not come close to meeting the pleading standard of Fed.R.Civ.P. 8(a). In addition, the allegatons are not factually related to her arrest and prosecution as a result of the Macy's shoplifting incident. Thus, joinder of these claims with the claims against the City of Novi and Macy's would be improper under Fed.R.Civ.P. 20(a)(2).

Finally, as to the fifth factor, Plaintiff has not shown a good-faith effort to serve these Defendants.

Plaintiff states that she has contacted a lawyer who may be interested in representing her, and that it would be in her interest to deal with her claims against the remaining Defendants as a separate matter. I agree. I also find that there is no good reason for the Court to extend the time for service of the complaint and summons in this case.

## IV.   CONCLUSION

For these reasons, I recommend that the following Defendants be DISMISSED WITHOUT PREJUDICE: Macy's, Kelly Services, Info Tree Services, United States Attorney, Lee Gavin, Attorney General of the State of Michigan, Nissan Motor Company, Inc., and United States Department of Justice.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: May 20, 2015

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 20, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen